IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



DOROTHY WALSH                                               PLAINTIFF

v.                                         CIVIL ACTION NO. 3:17-cv-239 WHB-LRA

VICKSBURG HEALTHCARE, LLC
D/B/A MERIT HEALTH RIVER REGION                             DEFENDANT

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Dorothy Walsh, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Federal Labor Standards Act (FLSA). In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1. Plaintiff, Dorothy Walsh, is a female resident of Hinds County, Mississippi

2. Defendant, Vicksburg Healthcare, LLC d/b/a Merit Health River Region, is a foreign corporation doing business in Mississippi and may be served with process through its Registered Agent, CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, MS 39232.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction and venue is proper in this court.

1

## STATEMENT OF FACTS

4. Plaintiff is a Registered Nurse and worked for Defendant, Merit Health River Region, for 14-1/2 years as a Lactation Consultant.

5. Defendant Hospital was sold in July 2007 to Community Health Systems.

6. In 2011, Plaintiff began working PRN at Natchez Regional Medical Center. Community Health Systems then acquired Natchez Regional which then became known as Merit Health Natchez in October 2014.

7. Plaintiff became aware in approximately January 2015 that Merit Health River Region was paying her incorrectly; she was paid less than her base salary, she was not paid differential pay and not paid overtime. She contacted the Natchez, CNO, Lee Hinson. John Milazzo, corporate CFO, was made aware of Plaintiff's complaints.

8. At this time, Plaintiff became aware of a letter from Community Health Systems, corporate headquarters, which had been issued in approximately December 2014, detailing how employees who worked for multiple facilities were to be paid by their base facilities. Plaintiff's base facility was Merit Health River Region. Merit Health River Region did not share this information with their employees.

9. In January 2015, Lee Hinson, CNO for Merit Health Natchez, called and emailed Lillian Harris, payroll clerk for Merit Health River Region, and Anita Oliphant, HR Director at River Region at that time, several times, but River Region refused to comply and battled with the Merit Health Natchez over Plaintiff's pay. Plaintiff was told about this by Lee Hinson.

10. Lillian Harris, payroll clerk for Merit Health River Region called Plaintiff's director in Natchez at the time, Selina (LNU) and questioned her about Plaintiff's pay rate.

11. Plaintiff was questioned several times by her director at the time, Vickie Walters, about the overtime she was working for the Natchez facility. Ms. Walters appeared to be aggravated that River Region was going to have to pay Plaintiff for overtime she was working at a different facility.

12. On January 30, 2015, Merit Health River Region finally agreed to comply with corporate regulations and had to pay Plaintiff all of the back pay that was owed to her for the past six weeks.

13. Plaintiff was also denied her paid time off (PTO) by Merit Health River Region in May 2016 because she did not take time off and they would have to pay her at her overtime rate.

14. On August 18, 2016, Corporate, Community Health Services in Franklin, Tennessee, intervened and found in Plaintiff's behalf.

15. Shortly thereafter, on November 9, 2016, Plaintiff was called in by Lisa Dolan, now CNO at Merit Health River Region, and was questioned about an alleged letter from a patient. Ms. Dolan did not have the patient's chart with her and would not show Plaintiff the letter.

16. In a follow-up meeting on November 15, 2016, Plaintiff and another nurse were called in to meet with Lisa Dolan, Pam Mooney, Maternal Child Director, and Lacey Griffith, Clinical Coordinator. The other nurse, Shelia Reeves, was the nurse who

worked with Plaintiff on October 26, 2016, the night in question about the treatment of a patient.

17. Plaintiff and Shelia Reeves were questioned at length about the treatment of the infant patient that night, but were not allowed to see the patient chart.

18. At the meeting, Lisa Dolan determined that nothing harmful or malicious was done and that the nurses had followed the protocol that was in place at that time.

19. In mid-November, 2016, Plaintiff found out that the mother of the infant patient was a relative of Pam Mooney who had been the admitting nurse for the infant. The mother had been admitted and her baby born on the afternoon shift several hours before Plaintiff came on her shift that night. The failure in care for the infant was on the part of Ms. Mooney, not Plaintiff or Sheila Reeves.

20. Shockingly, on November 29, 2016, Plaintiff was given a termination notice by Lisa Dolan. Although Plaintiff's name was nowhere on the treatment chart for the infant patient for the night in question, she was terminated while Shelia Reeves, the treating nurse, was only suspended for three days.

21. Plaintiff was unjustly retaliated against by Defendant and terminated for complaining about not being paid correctly by Merit Health River Region.

22. Defendant attempted to further retaliate against Plaintiff by filing a baseless and unwarranted complaint with the Board of Nursing. Appropriately, the Board of Nursing found no wrongdoing on Plaintiff's part and advised Plaintiff that she had been victimized by Defendant.

## CAUSES OF ACTION

## COUNT I: FLSA RETALIATION

23. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 22 above as if fully incorporated herein.

24. Plaintiff was retaliated against by being terminated after complaining about not receiving her overtime pay.

25. Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same under the terms and conditions of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages or reinstatement; or
2. Future wages in lieu of reinstatement;
3. Liquidated damages;
4. Compensatory wages;
5. Attorney fees and costs; and
6. Such other relief as the Court deems just and appropriate.

THIS the 27th day of March 2017.

Respectfully submitted,

DOROTHY WALSH, PLAINTIFF

By: /s/ Louis H. Watson, Jr.

Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com.com
Web: www.watsonnorris.com